**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                        No. 01-4228

RONNIE LOGAN,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, District Judge.
(CR-00-68-3)

Submitted: October 31, 2001

Decided: November 16, 2001

Before WIDENER, NIEMEYER, and MICHAEL, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

## COUNSEL

Marshall A. Swann, Charlotte, North Carolina, for Appellant. Robert J. Conrad, Jr., United States Attorney, Gretchen C.F. Shappert, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Pursuant to a plea agreement, Ronnie Logan pled guilty to possession with intent to distribute cocaine base, in violation of 21 U.S.C.A. § 841 (West 1999). Logan's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal. Logan has filed a pro se supplemental brief.

Logan signed a written plea agreement in which he agreed to waive the right to appeal his conviction or sentence, except for claims of ineffective assistance of counsel or prosecutorial misconduct. A waiver of appeal provision in a valid plea agreement is enforceable if it results from a knowing and intelligent decision to forego an appeal. *United States v. Attar*, 38 F.3d 727, 731 (4th Cir. 1994); *United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir. 1990). A waiver is ineffective if the district court fails to question the defendant about it, *United States v. Wessells*, 936 F.2d 165, 167-68 (4th Cir. 1991), unless other evidence in the record shows that the waiver was informed and voluntary. *United States v. Davis*, 954 F.2d 182, 186 (4th Cir. 1992). We review de novo the validity of a waiver. *United States v. Brown*, 232 F.3d 399, 402-03 (4th Cir. 2000).

Here, Logan signed the plea agreement, agreeing to waive the right to challenge the conviction or sentence with the stated exceptions. The Government summarized the plea agreement at the Fed. R. Crim. P. 11 hearing. In response to the magistrate judge's inquiry, Logan agreed that the right to appeal his conviction and sentence was expressly waived in the plea agreement. He did not express dissatisfaction with counsel's services. He also stated that he understood the Rule 11 proceeding. On this record, we find that Logan's waiver was knowingly and intelligently made. We therefore dismiss the portion of the appeal raising issues within the scope of the waiver provision.

Logan's supplemental pro se brief raises one claim of ineffective assistance of trial counsel that is not barred by the waiver. He argues that his counsel was ineffective by failing to object to the sufficiency of the indictment when it did not specify a drug amount. Claims of

ineffective assistance are not cognizable on direct appeal unless counsel's ineffectiveness plainly appears on the face of the record. *United States v. DeFusco*, 949 F.2d 114, 120-21 (4th Cir. 1991). We have reviewed the record for error and have found no clear ineffective assistance by trial counsel. We therefore affirm the judgment with respect to this claim. Logan's pro se claim challenging the calculation of drug quantity is prohibited by the waiver of right to appeal.

We have examined the entire record in this case in accordance with the requirements of *Anders*, and find no meritorious issues for appeal. We therefore dismiss the appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED IN PART; AFFIRMED IN PART*